UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SOPRAMCO III, LLC,

                Plaintiff

-vs-

UNDERWITERS AT LLOYD'S, LONDON
a/k/a CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,

                Defendant.

**COMPLAINT**

Case No.:_____

**Jury Trial Demanded**

---

Plaintiff Sopramco III, LLC, by counsel, for its complaint against the defendant above-named, alleges as follows upon information and belief:

## PARTIES

1. Plaintiff Sopramco III, LLC ("Plaintiff") is a Delaware limited liability company with its principal place of business in Rochester, New York.

2. Defendant Underwriters at Lloyd's, London a/k/a Certain Underwriters at Lloyd's of London ("Underwriters" or "Defendant") are individual underwriters organized as underwriting syndicates that do business at Lloyd's of London, England, that subscribed to the following policies of insurance: Lloyd's of London Mortgage Guard Policy insuring Midwest, Inc. ("Midwest"), its affiliates, subsidiaries and associated companies and/or corporations, under Certificate No. MP7001928 for the period June 1, 2007 to June 1, 2008, including Syndicates Nos. 2791, 2987, 1200, 4472, 2010, 1225, 510, 2007, 2623, 623, 727, and 2121 with a $1,000,000.00 limit of liability; Lloyd's of London Mortgage Guard Policy insuring Midwest, its successors and/or assigns, under Certificate No. MP7002202 for the period June 1, 2008 to June 1, 2009,

including Syndicates Nos. 2791, 2987, 1200, 4472, 2010, 1225, 510, 2007, 2623, 623, 727, and 2121 with a $1,000,000.00 limit of liability.

3. Upon information and belief, the individual underwriters comprising Underwriters are not citizens or residents of either New York or Delaware.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under the laws of the United States, 28 U.S.C. §1332 in that there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. §2201 to render a declaratory judgment.

6. Pursuant to the Service of Suit Clause contained in the Lloyd's of London policy issued to Plaintiff, Underwriters agreed to submit to jurisdiction of a Court of competent jurisdiction within the United States.

7. Venue is proper in the Western District of New York under 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

8. Upon information and belief, Underwriters and/or its subsidiary(ies), broker(s) and/or agent(s) is an insurance company licensed, admitted, engaging in, and/or authorized to engage in the business of liability and casualty insurance throughout the world, including within the State of New York, and has offices for the transaction of business located within the State of New York.

9. At all times pertinent hereto, Plaintiff owned and/or had an insurable interest in the real property more commonly known as #1 de Abril St. & Luquetti Avenue, Maricao, Puerto Rico (the "Insured Premises"), as the result of a foreclosure

action maintained by Plaintiff. Plaintiff took title to the Insured Premises on May 21, 2005.

10. On or about August 17, 2007, Underwriters, and/or its subsidiary(ies), broker(s) and/or agent(s), for good and valuable consideration and the premium duly paid, issued to Plaintiff a Mortgage Guard Policy of insurance, including endorsements thereto and amendments thereto which became a part of said policy, under Certificate No. MP7001928 ("Policy 1"), pursuant to which Underwriters insured the Insured Premises against all risks of loss to certain specified perils in the limits contained therein. Policy 1 was signed by the authorized agent(s) of Underwriters.

11. Pursuant to Policy 1, Underwriters, its subsidiary(ies) and/or agent(s) agreed to insure Plaintiff for a term of one (1) year, commencing June 1, 2007 and expiring on June 1, 2008, against loss of property caused by the covered perils enumerated within Policy 1. Underwriters, its subsidiary(ies) and/or agent(s) during the term of the Policy, agreed to indemnify Plaintiff against loss or damage caused by any covered peril(s) contained therein.

12. On or about April 21, 2008, Underwriters, and/or its subsidiary(ies), broker(s) and/or agent(s), for good and valuable consideration and the premium duly paid, issued to Plaintiff a Mortgage Guard Policy of insurance, including endorsements thereto and amendments thereto which became a part of said policy, under Certificate No. MP7002202 ("Policy 2"), pursuant to which Underwriters insured the Insured Premises against all risks of loss to certain specified perils in the limits contained therein. Policy 2 was signed by the authorized agent(s) of Underwriters.

13. Pursuant to Policy 2, Underwriters, its subsidiary(ies) and/or agent(s) agreed to insure Plaintiff for a term of one (1) year, commencing June 1, 2008 and expiring on June 1, 2009, against loss of property caused by the covered perils enumerated within Policy 2. Underwriters, its subsidiary(ies) and/or agent(s) during the term of the Policy, agreed to indemnify Plaintiff against loss or damage caused by any covered peril(s) contained therein.

14. The Insured Premises, at all pertinent times herein, has been covered under Policy 1 and/or Policy 2 (hereinafter collectively the "Policies").

15. During the term of the Policies, and while the Policies were in full force and effect, the Insured Premises sustained loss and/or damage caused by certain covered perils as provided under the applicable terms of the Policies.

16. By reason of such loss and/or damage to the Insured Premises caused by the covered perils under the applicable terms of the Policies, Plaintiff has sustained a direct loss in an amount not less than Four hundred eighty-seven thousand two hundred sixty-three and 58/100 Dollars ($487,263.58) as of September 8, 2010, together with applicable pre-judgment interest thereon to the date judgment is entered.

17. Plaintiff promptly notified Underwriters, its subsidiaries and/or agent(s), on or about May 11, 2009 of the damage to the Insured Premises pursuant to covered peril(s) under the applicable terms of the Policies and the loss sustained thereby.

18. Underwriters failed to issue any denial of coverage for the loss within a reasonable time.

19. The claim asserted by Plaintiff falls within the coverage afforded by the Policies.

20. Therefore, Plaintiff is entitled to indemnification under the Policies for the claim and the Defendant has wrongfully disclaimed coverage for such claim.

21. Plaintiff has satisfied any and all conditions precedent to suit.

22. Underwriters has failed and refused to indemnify Plaintiff for its total loss of not less than Four hundred eighty-seven thousand two hundred sixty-three and 58/100 Dollars ($487,263.58) as of September 8, 2010, together with applicable pre-judgment interest thereon to the date judgment is entered, despite due demand therefore.

## AS AND FOR A FIRST CAUSE OF ACTION

### *DECLARATORY JUDGMENT - COVERAGE*

23. Plaintiff repeats and realleges Paragraphs 1 through 22 as though fully set forth herein.

24. The Insured Premises is covered under the Policies.

25. The claim asserted by Plaintiff, for loss and/or damages to the Insured Premises caused by covered peril(s), falls within the coverage afforded by the Policies.

26. Therefore, Plaintiff is entitled to indemnification under the Policies for the claim and the Defendant has wrongfully disclaimed coverage for such claim.

27. Plaintiff is therefore entitled to a declaration to that effect.

## AS AND FOR A SECOND CAUSE OF ACTION

### *BREACH OF CONTRACT*

28.     Plaintiff repeats and realleges Paragraphs 1 through 27 as though fully set forth herein.

29.     Plaintiff and Underwriters entered into contracts as memorialized in the Policies under which, among other things, Underwriters agreed to insure Plaintiff for two successive terms of one (1) year, commencing June 1, 2007 and expiring on June 1, 2008, and commencing June 1, 2008 and expiring on June 1, 2009, against loss of property caused by covered peril(s). Underwriters, its subsidiary(ies) and/or agent(s) during the term of the Policies, agreed to indemnify Plaintiff against loss or damage caused by any covered peril(s).

30.     Underwriters is therefore required to indemnify Plaintiff for all loss and/or damages to the Insured Premises due to any covered peril(s) to said Insured Premises during the effective date(s) of the Policies.

31.     Plaintiff has fully performed all of its obligations thereunder.

32.     Underwriters has breached the said contracts by failing and refusing to indemnify Plaintiff for all loss and/or damages to the Insured Premises due to covered peril(s) to said Insured Premises during the effective date(s) of the Policies.

33.     By virtue of Underwriters' breach of contract, Plaintiff has been damaged in an amount not less than Four hundred eighty-seven thousand two hundred sixty-three and 58/100 Dollars ($487,263.58) as of September 8, 2010, together with applicable pre-judgment interest thereon to the date judgment is entered, and the costs and disbursement of this action, and Plaintiff is entitled to judgment as against Underwriters in the foregoing amount.

## AS AND FOR A THIRD CAUSE OF ACTION

### *BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING*

34. Plaintiff repeats and realleges Paragraphs 1 through 33 as though fully set forth herein.

35. By virtue of the Defendant's contractual undertaking in favor of Plaintiff pursuant to the Policies to properly evaluate and pay claims made under the Policy, to the extent of Plaintiff's loss up to the limits prescribed within the Policies, Underwriters owed, and continues to owe, to Plaintiff the duty of good faith and fair dealing arising out of the parties' contractual relationship as embodied in each of the respective Policies.

36. In connection with the aforementioned duty of good faith and fair dealing, Underwriters was and is prohibited from committing any act which would injure and/or destroy the Plaintiff's rights arising out of the parties' contractual relationship under the Policies.

37. By failing to honor Plaintiff's claim under the Policies to the full extent of Plaintiff's loss up to the limits of the Policies, despite due demand therefore and despite the contractual obligation to indemnify Plaintiff for such loss, Underwriters has acted in bad faith, and in so doing has further breached the duty of good faith and fair dealing owed to Plaintiff under the Policies.

38. By virtue of Underwriters' breach of the duty of good faith and fair dealing, Plaintiff has been damaged in an amount not less than Four hundred eighty-seven thousand two hundred sixty-three and 58/100 Dollars ($487,263.58) as of September 8, 2010, together with applicable pre-judgment interest thereon to the date

7

judgment is entered, and the costs and disbursement of this action, and Plaintiff is entitled to judgment as against Underwriters in the foregoing amount.

**AS AND FOR A FOURTH CAUSE OF ACTION**

***VIOLATION OF NEW YORK GENERAL BUSINESS LAW §349***

39. Plaintiff repeats and realleges Paragraphs 1 through 38 as though fully set forth herein.

40. Underwriters and its agents, servants, and/or employees, are subject to the regulations promulgated by the superintendent of insurance of the New York State Insurance Department as more fully set forth in 11 NYCRR §216.

41. Furthermore, Underwriters and its agents, servants, and/or employees are prohibited from engaging in deceptive acts and/or practices pursuant to New York General Business Law §349.

42. The New York State Insurance Law prohibits and/or requires certain actions by insurers, their agents and/or representatives, and conduct by insurers, their agents and/or representatives which deviates from the following is deemed unfair claim settlement practice:

    a) Insurers may not fail to acknowledge with reasonable promptness pertinent communications from an insured as to claims arising under their policies;

    b) Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policy;

    c) Insurers may not fail to attempt, in good faith, to achieve prompt, fair and equitable settlement(s) of claims submitted in which liability under the policy is reasonably clear;

d) Insurers may not compel policyholders to initiate lawsuits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in actions brought by the insured.

43. General Business Law §349 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service within the State of New York, and makes all such acts and/or practices unlawful.

44. Underwriters and its agents, servants, and/or employees have engaged in deceptive acts and practices in violation of General Business Law §349 by virtue of Underwriters' refusal of Plaintiff's demand for payment of its covered losses under the Policies without the necessity of having to file the within action.

45. The foregoing conduct and/or actions by Underwriters has not only caused injury to the Plaintiff, but also has the potential to harm the public at large.

46. Upon information and belief, Underwriters' refusal to honor Plaintiff's claim under the Policies is part of a pattern and practice by Underwriters to sell insurance policies to property owners and/or mortgagees, and then subsequently take the position that there is no coverage for a covered loss, effectively hindering and/or denying the processing and payment of legitimate claims.

47. Underwriters' foregoing acts demonstrate a degree of bad faith evidencing a disingenuous, dishonest failure and refusal to honor its contractual obligations.

48. As the result of the foregoing violations of General Business Law §349, Plaintiff has been damaged in an amount not less than Four hundred eighty-seven thousand two hundred sixty-three and 58/100 Dollars ($487,263.58) as of September 8, 2010, together with applicable pre-judgment interest thereon to the date judgment is

entered, and the costs and disbursement of this action, and Plaintiff is entitled to judgment as against Underwriters in the foregoing amount.

49. Plaintiff is also entitled to attorneys' fees as the result of Underwriters' violations of General Business Law §349.

50. Furthermore, due to the willful and wanton nature of Underwriters' conduct as set forth herein, and the need to deter such conduct in the future in order to prevent public harm and/or injury, Plaintiff is also entitled to punitive damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff, Sopramco III, LLC demands judgment as against Defendant Underwriters at Lloyd's, London a/k/a Certain Underwriters at Lloyd's of London as follows:

A. Upon the first cause of action, awarding judgment in favor of Plaintiff, Sopramco III, LLC, and against the Defendant, Underwriters at Lloyd's, London a/k/a Certain Underwriters at Lloyd's of London, declaring that Plaintiff has fully complied with all of the terms and conditions of the applicable Lloyd's of London policies, and that Plaintiff is entitled to the full benefits of the coverage available under each such policy;

B. Upon the second cause of action, awarding damages in favor of Plaintiff, Sopramco III, LLC, and against the Defendant, Underwriters at Lloyd's, London a/k/a Certain Underwriters at Lloyd's of London, in an amount no less than Four hundred eighty-seven thousand two hundred sixty-three and 58/100 Dollars ($487,263.58) as of September 8, 2010, together with

applicable pre-judgment interest thereon to the date judgment is entered, and the costs and disbursement of this action;

C. Upon the third cause of action, awarding damages in favor of Plaintiff, Sopramco III, LLC, and against the Defendant, Underwriters at Lloyd's, London a/k/a Certain Underwriters at Lloyd's of London, in an amount no less than Four hundred eighty-seven thousand two hundred sixty-three and 58/100 Dollars ($487,263.58) as of September 8, 2010, together with applicable pre-judgment interest thereon to the date judgment is entered, and the costs and disbursement of this action;

D. Upon the fourth cause of action, awarding damages in favor of Plaintiff, Sopramco III, LLC, and against the Defendant, Underwriters at Lloyd's, London a/k/a Certain Underwriters at Lloyd's of London, in an amount no less than Four hundred eighty-seven thousand two hundred sixty-three and 58/100 Dollars ($487,263.58) as of September 8, 2010, together with applicable pre-judgment interest thereon to the date judgment is entered, and the costs and disbursement of this action, plus attorneys' fees in an amount to be determined, and punitive damages in an amount to be determined by the trier of fact;

E. For interest at the maximum legal rate on any Judgment;

F. For all reasonable attorney's fees and costs incurred herein; and

G. All other appropriate relief to which Plaintiff Sopramco III, LLC is entitled.

Respectfully submitted,

*[signature]*

Steven E. Laprade
PHILLIPS LYTLE LLP
1400 First Federal Plaza
Rochester, New York 14614
T: 585. 238.2000
F: 585.232.3141

*Counsel for Plaintiff*
*Sopramco III, LLC*

Doc # 02-217934.1