UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**SOPRAMCO III, LLC**,

        *Plaintiff*,

*-vs-*

**UNDERWRITERS AT LLOYD'S LONDON a/k/a CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON**,

        *Defendant*.

**ANSWER**

Civil No. 10-CV-6538

---

    Defendants, Certain Underwriters at Lloyd's, London ("Underwriters") sued herein as Underwriters at Lloyd's, London a/k/a Certain Underwriters at Lloyd's of London, by Hiscock & Barclay, LLP, their attorneys, answer the complaint of Plaintiff, Sopramco New Hampshire IV, LLC, as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admit the allegations contained in paragraph 2.

3. Admit the allegations contained in paragraph 3.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and respectfully refer all questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and respectfully refer all questions of law to the Court.

6. Admit the allegations contained in paragraphs 6.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. With respect to the allegations contained in paragraph 8, admit that Underwriters are

foreign insurers that are domiciled in London, England, and are non-domestic insurers with whom surplus lines agents/brokers place insurance contracts for entities in New York and on risks located in New York, and deny that Underwriters have offices within the State of New York.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

HISCOCK & BARCLAY, LLP

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. As to paragraph 22, Underwriters incorporate by reference their responses to paragraphs 1 through 22 of Defendant's Answer to the Complaint.

24. With respect to the allegations contained in paragraph 24, admit that the insured premises is covered by the policy, and that said policy is subject to all of the terms, conditions, exclusions and limitations of liability contained therein.

25. With respect to the allegations contained in paragraph 25, admit that coverage is available under the policy for any damages sustained by the property as a result of covered perils, and that said policy is subject to all of the terms, conditions, exclusions and limitations of liability contained therein.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. As to paragraph 28, Underwriters incorporate by reference their responses to paragraphs 1 through 27 of Defendant's Answer to the Complaint.

29. With respect to the allegations contained in paragraph 29, Underwriters admit that coverage is available for covered perils under the policy but aver that such coverage is subject to all of the terms, conditions, exclusions and limitations of liability contained therein.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

34. As to paragraph 34, Underwriters incorporate by reference their responses to paragraphs 1 through 33 of Defendant's Answer to the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and respectfully refer all questions of law to the Court.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and respectfully refer all questions of law to the Court.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. As to paragraph 39, Underwriters incorporate by reference their responses to paragraphs 1 through 38 of Defendant's Answer to the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and respectfully refer all questions of law to the Court.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and respectfully refer all questions of law to the Court.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 42, 42a, 42b, 42c, and 42d, and respectfully refer all questions of law to the Court.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and respectfully refer all questions of law to the Court.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

51. Underwriters allege that the complaint of the plaintiff fails to state a claim against Underwriters upon which relief can be granted.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

52. Defendant Underwriters assert that the Plaintiff is not entitled to payment for failure to fulfill its obligations under the policy.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

53. Defendant Underwriters assert that the Plaintiff is not entitled to payment because the policy does not provide coverage for damage resulting from theft.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

54. Defendant Underwriters assert that the Plaintiff is not entitled to payment due to late notice of occurrence.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

55. Defendant Underwriters assert that the Plaintiff is not entitled to payment for failure to cooperate with Underwriters' coverage investigation.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

56. Defendant Underwriters assert that this action is barred by the statute of limitations.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

57. Defendant Underwriters assert that the Plaintiff's causes of action are barred, in whole or in part, by the terms, exclusions, conditions and limitations contained in the subject policy or policies.

## **AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

58. Defendant Underwriters assert that the Plaintiff's claim is barred as a result of the

HISCOCK & BARCLAY, LLP

Plaintiff's failure to provide notice of the claim as set forth in the policy.

## **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

59. Defendant Underwriters allege that the Plaintiff's claims may be barred in whole or in part by the doctrines of laches, unclean hands, waiver, and estoppel.

## **AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

60. Underwriters reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery in this case and upon further investigation.

**WHEREFORE**, Defendant Underwriters demands judgment as follows:

1. Dismissing Plaintiff's Complaint in its entirety;
2. Awarding Defendant with attorney's fees, costs and disbursements; and
3. For such other and further relief as this court deems proper.

**DATED:**   December 2, 2010      **HISCOCK & BARCLAY, LLP**

By:   s/ Thomas B. Cronmiller
         Thomas B. Cronmiller

*Attorneys for Defendant*
Office and Post Office Address
2000 HSBC Plaza
100 Chestnut Street, 20th Floor
Rochester, New York 14604
Telephone (585) 295-4424
E-mail address: tcronmiller@hblaw.com

HISCOCK & BARCLAY, LLP